Green J.
delivered the opinion of.the court.
By the act of 1809 ch. 27 sec. 2, it is enacted, that if a justice of the peace shall die, resign or remove out of the county, his public papers shall be filed with the clerk of the county court of the county within which he was a justice. By the act of 1811 ch. 87, the clerk in whose office the public papers of any justice who may have died or resigned, shall be deposited, is required to issue an execution upon any unsatisfied judgment of the justice, “returnable before him” in the same “manner as if issued by the justice.” By the act of 1825 ch. 23 sec. 1, the clerk in such case is authorized to issue execution to any county in the State, and by the 2d section, it is made the duty of the officer into whose hands such execution shall come, to return the same to the clerk within forty days from the time he may have received it.
These acts plainly show that the papers of a justice, who may have died or resigned, are not considered as appertaining to the county court; and that consequently, process issued upon the judgments of a justice by the clerk of the county court, is not to be made returnable to the court, but in the language of the acts of 1811 and 1825, is to be returned to the clerk. The scire facias in this case having been made returnable to the county court, and requiring the defendants to appear there and answer, gave that court no jurisdiction to proceed in the cause, and for that reason the judgment of the circuit court must be reversed. It is therefore unnecessary to discuss any other question raised in the record.
Judgment-reversed.